No. 7959.

SAMUEL H. KENNEDY vs. NEW ORLEANS SAVINGS INSTITUTION, J. H. OGLESBY AND A. BALDWIN, RECEIVERS.

Plaintiff sequestered his own mortgage notes held by Defendants. The latter obtained the removal of the suit to the U. S. Circuit Court. That tribunal ordered the case to be remanded to the State court and the notes returned to Defendants. The latter then instituted executory process on the notes. Whereupon Plaintiff in sequestration suit obtained an order of court, upon a Rule to show cause, that the notes be returned to the sheriff, and *in the meantime*, the writ of seizure and sale should not be proceeded with further.

*Held* that the latter order is only interlocutory and not susceptible of causing irreparable injury, and that the Appeal therefrom must be dismissed.

APPEAL from the Fifth District Court, parish of Orleans.    *Rogers,* J.

---

Horace E. Upton for Plaintiff and Appellee.

Robert Mott and Hudson & Fearn for Defendants and Appellants.

Where the order of the lower court involves the final disposition of a legal proceeding, it works an irreparable injury, and an appeal lies.

Where the interlocutory order puts the appellant in a condition from which he cannot be relieved by the final decree, he is entitled to an appeal.

Where the interlocutory order has the effect of restraining a writ of seizure and sale in another suit, and defeats the seizure and sale, it is an irreparable injury, and the final judgment cannot place the plaintiff in the seizure and sale where he was when restrained.

Any order rendered in one suit, which stops or controls another suit, has the effect of a final judgment, and inflicts an irreparable injury which can be relieved by an appeal.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. Plaintiff in this case, alleging that he had made valid tender and consignment in payment of four certain negotiable mortgage notes made by himself and held by the defendant, and that notwithstanding the said tender the defendant refused to accept the same and withheld and refused to deliver to him said notes, upon appropriate allegations, brought suit to compel the delivery of the same, and also, on affidavit and bond as required by law, obtained a writ of sequestration, under which the civil sheriff seized and took into his possession the said mortgage notes.

Oglesby and Baldwin having been appointed receivers of the defendant corporation by the Circuit Court of the United States, made application for removal of this cause to said last named court.

The writ of sequestration remaining in force, and a motion of the receivers to set the same aside having been denied, the Fifth District Court, upon the application to remove, entered judgment "that this cause, as it now stands upon the docket of this Court, be certified and removed to the United States Circuit Court, and that the sheriff of this Court await the orders and decrees of that tribunal in the premises."

The cause was accordingly certified and removed; and, by agreement of parties, the civil sheriff delivered the sequestered notes to F. A. Woolfley, clerk and register of the U. S. Circuit Court, who receipted for them and, according to the agreement, was " to hold the same subject to the order of the said court, after full notice to the opposing party."

After the record had been filed in the Circuit Court, the plaintiff filed a plea to the jurisdiction of said court, upon which said court entered judgment sustaining said plea and ordering that " the cause be remanded to the Fifth District Court for the parish of Orleans," and, at the same time, it made further order directing that " the mortgage notes deposited with the clerk of this court be by him delivered to J. H. Oglesby and A. Baldwin, Receivers herein, to be by them proceeded with in any court having jurisdiction."

Delivery was made accordingly, and the Receivers, Oglesby and Baldwin, thereupon instituted executory proceedings against defendant and his mortgaged property, by an independent suit in the Fifth District Court.

The plaintiff, Kennedy, then took a rule upon said Receivers, who were the legal representatives of the original defendant in the suit and had actually appeared as such therein, setting forth substantially the foregoing facts, and further averring that, at the time this cause was

removed to the Circuit Court, the notes were in possession of the civil sheriff under the sequestration of the Court, which was in full force and effect—that the effect of the judgment of the Circuit Court declining jurisdiction and remanding the cause to the Fifth District Court was necessarily to return the cause in the same condition as when removed, including the restoration of the sequestered notes to the custody of the sheriff under the sequestration and subject to the orders of that Court—and ordering the said receivers to show cause why they should not deliver the said sequestered notes to the civil sheriff. The court, in granting the rule to show cause, made further order that "*in the meantime* they be restrained from proceeding further with the writ of seizure and sale."

On this rule, after due hearing, judgment was rendered making the rule absolute and ordering defendants in rule to deliver the notes to the sheriff; from which judgment this appeal is taken.

The motion to dismiss is based on the ground that the judgment appealed from is interlocutory and cannot work an irreparable injury, and is, therefore, unappealable.

Counsel for appellants contend that the judgment appealed from is two-fold, (1st) ordering the delivery of the notes to the sheriff; (2d) restraining the plaintiff in the suit for seizure and sale from proceeding in that suit, thereby granting an injunction restraining an order of seizure and sale, without affidavit, bond or appearance in the suit.

So far as the second element above stated is concerned, the record shows that it does not fall within the terms or effect of the judgment. Under the rule, the receivers were only ordered to *show cause* why the notes should not be delivered to the sheriff. The restraining order was absolute, and only operative "in the meantime," that is; during the pendency of the rule. That order expired, by its own limitation, when the rule was decided, and was not included at all in the judgment, as appears fully from its terms.

The only effect of the judgment appealed from is simply to order property expressly directed by the Court to be sequestered and actually sequestered, to be delivered to the civil sheriff.

It is not disputed that this is an interlocutory judgment. It is not disputed that the test of the appealable character of such judgment is whether or not it may cause an irreparable injury.

We find it impossible to discover any irreparable injury which can accrue to appellants from the execution of this judgment.

The present order or judgment operates only on parties to the suit, and is merely ancillary to the original sequestration proceedings which were instituted long prior to the suit for seizure and sale brought by appellants. We cannot perceive how, by bringing this last named ac-

tion, they can prevent the execution or maintenance of a sequestration taken out and operative prior thereto.

They are in no different case from that in which they were when these notes were originally sequestered, and if they could not appeal from that order they cannot appeal from this, which merely maintains the effect of the first. Neither was appealable.

It is, therefore, ordered that this appeal be dismissed at appellants' cost.